In re Estate of Hollingsworth, N. C. M.

No. 39949          February 6, 1956          85 So. 2d 185

*Ruth Campbell*, Yazoo City, for appellant.

No counsel appeared for Appellee.

Hall, J.

On July 4, 1938, I. H. Hollingsworth was adjudicated a non compos mentis by the Chancery Court of Yazoo County. In the decree of the court he was ordered committed to the Mississippi State Hospital at Whitfield. Being a veteran of the First World War, he was carried to and confined in the Veterans Hospital at Gulfport, Mississippi, for mental treatment and he there re-

mained for treatment until March 20, 1947, when he was discharged from the hospital at Gulfport and he then entered the Veterans Administration Center at Biloxi, Mississippi, where he has since resided as a barracks veteran and not as a hospital patient. Since that time the Government has been paying him monthly compensation, ignoring the guardianship proceedings hereinbefore mentioned and evidently being of the opinion that the veteran was competent to handle the payments of $39.37 per month which the Government was paying to him.

On January 8, 1941, the Chancery Court of Yazoo County, on the 1938 adjudication, appointed F. J. Love, the Chancery Clerk of the County, as guardian for Hollingsworth in connection with certain property in which Hollingsworth owned an interest. There have been receipts by the guardian on two different occasions of Hollingsworth's interest in the proceeds from the sale of timber from lands in which he owned an interest by inheritance. On July 23, 1954, F. J. Love, being no longer chancery clerk, resigned his guardianship and filed his final account and D. S. Shackleford, his successor as chancery clerk, was appointed guardian. After the hearing of the final account all funds were turned over to the successor guardian and he has received other funds to the extent that the total now in his hands is slightly over $2,000.00. There is no complaint of any mismanagement in the handling of the estate by either guardian. On October 28, 1954, Hollingsworth filed a petition for removal of the guardian on the ground that he has been restored to sanity and that the guardian should file a final account and deliver the funds to him. The special chancellor heard this petition and entered a decree denying the relief prayed for, and it is from this decree that Hollingsworth appeals.

The appellant raises several questions with reference to the validity of his adjudication in 1938 and with ref-

erence to the appointment of the two guardians and we pretermit a discussion of these questions and go to the heart of the appeal which is that the finding of the special chancellor is contrary to the great weight of the evidence. After a careful study of the record we are of the opinion that the chancellor was in error in his findings and that the decree is contrary to the overwhelming weight of the evidence. The chancellor based his opinion primarily on three findings, one was that the appellant had invested $10.00 of his savings in the purchase of five shares of oil stock at $2.00 per share, which stock, according to the evidence, was not a bad investment but is paying dividends. We do not think that the purchase of oil stock is an evidence of lunacy. If it were several members of this Court ought to be in the asylum.

The chancellor also laid great stress on the fact that the appellant has written a western novel and he expressed the intention of overhauling and polishing up this novel and hiring a typist to copy it and get it in shape so he could submit it to a publisher with the hope of getting it published. In this connection the record shows without dispute that the appellant is a graduate of the University of the South, he holds a Master of Arts degree from Millsaps College at Jackson, Mississippi, and lacks twenty-two hours work to complete the requirements for a Ph. D. degree. According to his testimony throughout he is an intelligent man and we think it is demonstrated by the record that he is thoroughly capable of managing the small estate in the hands of the guardian. We do not think that the fact that he has written a book is any evidence of insanity. It it were all the libraries of this country would be empty.

The chancellor also found that appellant entertains grievances against certain persons. This is based upon the statement by appellant that when he was a boy he had some trouble with another boy and that they have since had nothing to do with each other, but that he has

no grievance over the affair. ■■ ■ We think the record does not sustain a finding that he is entertaining any grievance to justify a finding that he is mentally incompetent.

Without going into greater detail, we have reached the conclusion that the decree is contrary to the overwhelming weight of the evidence and should be reversed and judgment should be here entered that the appellant has been restored to sanity and that the prayer of the petition should be granted, and the cause will be remanded for filing and consideration of the guardian's final account.

Reversed, judgment here and remanded.

*McGehee,* C.J., and *Roberds, Lee* and *Ethridge,* JJ., concur.